**Debra KEACH and Patricia Sage, Plaintiffs,**

v.

**U.S. TRUST COMPANY, N.A., et al., Defendants.**

**No. 01–1168.**

United States District Court, C.D. Illinois, Peoria Division.

March 6, 2003.

---

---

Dean B. Rhoads, Robert Rhode, Edward Sutkowski, Steven Oates, Sean Anderson, Sutkowski & Rhoads, Peoria, IL, for Plaintiffs, Debra Keach and Patricia Sage.

Timothy Bertschy, Heyl, Royster, Voelker & Allen, Peoria, IL, Robert Eccles, Shannon M. Barrett, O'Melveny & Myers LLP, Washington, DC, for Defendant, U.S. Trust Company, NA, fka U.S. Trust Company of California.

Charles Roth, James Springer, Joseph Z. Sudow, Kavanagh Scully Sudow White & Frederick, Peoria, IL, Michael T. Graham, Nancy Ross, McDermott Will & Emery, Trent P. Cornell, Duane Morris LLC, Chicago, IL, for Defendant, Ellen D. Foster, Executrix of the Estate of Thomas S. Foster and as Co–Trustee of the Thomas S. Foster Trust executed on 4/14/94.

Michael T. Graham, Nancy Ross, McDermott Will & Emery, Chicago, IL, for Defendant, The Northern Trust Company, an Illinois Corporation as Co–Trustee of the Thomas S. Foster Trust executed on 4/14/94.

Richard J. Pautler, Jennifer Baetje, Thompson & Coburn, St. Louis, MO, for Defendants, Robert A. Ostertag, Jr., Terry P. Cole, Alan R. Dix, Jon Elletson, A. Robert Pellegrino.

James Bailey, Paul Ondrasik, Jr., Steptoe & Johnson, Washington, DC, Roy Davis, David Lubben, Davis & Campbell LLC, Peoria, IL, for Defendants, Valuemetrics, Inc.

Mark Casciari, Ian Hugh Morrison, Sari M. Alamuddin, Seyfarth Shaw, Chicago, IL, for Defendant, Houlihan, Lokey, Howard & Zukin, Inc.

Charles Roth, James Springer, Kavanagh Scully Sudow White & Frederick, for Defendant, Stephen P. Bartley and Dale Fujimoto.

Stephen Gay, Jeffrey Alan Ryva, Husch & Eppenberger LLC, Peoria, IL, for Defendant, Lyle Dickes.

Jeffrey Rock, Hasselberg Rock Bell & Kuppler, Peoria, IL, for Defendant, James Freid and Richard Hodgson.

John Elias, Robert Riffle, Cynthia Elias, Elias Meginnes Riffle & Seghetti, Peoria, IL, for Defendant, William Gehring, Henry Gregory, II, John F. Halpin, James Kyle, John Lappegaard, George Mckittrick, Clayton Patino, Jerry Rathmann, W. Thomas Stumb, Mark Swedlund, Leo Vanderlugt, Robert Wilson, Bruce Wright.

Dean Essig, Washington, IL, for Defendant, Gregory McAllister.

Charles Roth, James Springer, Joseph Sudow, Kavanagh Scully Sudow White & Frederick, Peoria, IL, for Defendants, Michael Norbutas, Frederick Stuber, and for Defendant Ashley Anne Foster, as trustee or agent of the Ashley Anne Foster Irrevocable Trust, and Melvyn R. Regal, individually, as trustee or agent of the Steven Jay Regal Trust, as trustee or agent of the Judi Lynn Regal Trust, and as trustee or agent of the John E. Regal Trust.

### ORDER

MIHM, District Judge.

Now before the Court is a Motion for Summary Judgment by Defendants Ellen D. Foster ("Mrs.Foster"), as Executrix of the Estate of Thomas S. Foster, and Melvyn R. Regal ("Regal"). As Mrs. Foster has previously been terminated as a party to this litigation in her capacity as the Executrix of the Estate, the portion of the present Motion addressed to claims asserted against her is moot, and the Court will address the Motion solely as it pertains to claims asserted against Defendant Regal.

For the reasons set forth below, the Motion for Summary Judgment [# 417] is DENIED IN PART and MOOT IN PART.

### FACTUAL BACKGROUND

The basic factual background has been sufficiently set forth in the prior orders of this Court, and familiarity therewith is presumed. The present motion is brought by Defendant Regal seeking summary judgment on all claims asserted against him in the First Amended Complaint. In 1995, he was the Vice Chairman of the F & G Board. Along with Thomas Foster ("Foster") and Robert Pellegrino, Regal was the third member of F & G's Executive Committee. The matter is now fully briefed and ready for resolution. This Order follows.

### DISCUSSION

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. 2548. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Cain v. Lane,* 857 F.2d 1139, 1142 (7th Cir.1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." *Holland v. Jefferson Nat. Life Ins. Co.*, 883 F.2d 1307, 1312 (7th Cir.1989). Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir.1995).

■ Plaintiffs have asserted that Foster and Regal were fiduciaries to the ESOP and breached their duties as such by failing to disclose material information in connection with the 1995 ESOP transaction, among other things. The Court has previously found that the record in this case is sufficient to support a reasonable conclusion that the selection of U.S. Trust as trustee was so inextricable intertwined with the desired end of effectuating the stock purchase transaction that the act of appointing the trustee effectively amounted to de facto control over the ESOP's assets and management. The Court further found that Foster and Regal were fiduciaries to the ESOP at least for purposes of their role in appointing U.S. Trust as the plan trustee, and noted that the scope of their fiduciary duties was not necessarily limited merely to their appointment of U.S. Trust and the corresponding duty of appropriate monitoring. However, the Court did not attempt to define the precise scope of their fiduciary duties or

whether any fiduciary duty owed had been breached, both of which remain to be determined at trial.

Regal has now filed a very narrow motion in which he asks the Court to rule that neither he nor Foster breached their duty not to conceal what they actually knew from U.S. Trust or its advisors. Specifically, Regal contends that the only knowledge that he and Foster had with respect to consumer complaints against MBC was contained in the litigation reports to the F & G Board that were in fact produced to attorneys from the Sonnenschein firm during its due diligence inquiry prior to the 1995 transaction.

With all due respect, consumer complaints are not the only potentially material information that could have been concealed from U.S. Trust and its advisors; there is also evidence in the record that there had been some sort of discussions concerning the risks of MBC's dependency on sweepstakes marketing and possible state regulatory concerns since the acquisition of MBC in 1992. Regal's Motion does not address the state of his knowledge with respect to this type of information. Again, the Court must conclude that what was or was not known by Foster and Regal during the relevant time, what was or was not produced to U.S. Trust and its advisors, and how much control, if any, Foster and Regal exercised over U.S. Trust's decisions present genuine issues of material fact requiring resolution at trial. Accordingly, this aspect of Regal's Motion for Summary Judgment must be denied.

Regal also argues that he is entitled to a ruling that any fiduciary duty that he might have owed ended on December 20, 1995, as there is no factual evidence indicating that he exercised any control over plan assets or management, *de facto* or otherwise, after December 20, 1995. While the Court agrees that the factual

basis for the exercise of *de facto* control over the plan's assets and management that the Court has found could establish a broader fiduciary duty on the members of the Executive Committee does not reasonably extend beyond the consummation of the 1995 stock purchase transaction, the same cannot be said at this stage of the litigation for the corresponding duties of monitoring and retention that accompany the fiduciary role of appointing the plan trustee. Accordingly, summary judgment cannot appropriately be granted on this issue.

Regal next contends that he is entitled to summary judgment because the ESOP did not suffer any damages as a result of any of his alleged breaches of fiduciary duty based on the argument that Plaintiffs have failed to introduce evidence indicating that the ESOP paid an excessive amount for the stock or that Foster and Regal obtained any improper profits. However, Plaintiffs have introduced contrary expert testimony regarding what they assert was the "true" value of the F & G stock at the time of the ESOP transactions. Regal's remaining argument goes to the weight of this evidence, which is not presently before the Court and is inappropriate for resolution on summary judgment.

Finally, Regal makes a summary statement in the introduction of his Motion that he is seeking summary judgment as to all claims asserted against him, including the claim for restitution against him as a party in interest to the 1995 transaction. However, other than the argument that the ESOP did not suffer any damages that was rejected in the previous paragraph, he makes no effort to support this request. Accordingly, Regal is not entitled to summary judgment in his favor on the claim for restitution against him as a party in interest.

## CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment [# 417] by Ellen Foster as Executrix of the Estate of Thomas S. Foster and Defendant Regal is DENIED IN PART and MOOT IN PART.